Leonard R. Berman
4711 SW Huber St., Suite E-3
Portland, OR 97219
(503) 473-8787
OSB # 96040
Easyrabbi@yahoo.com

<u>ATTORNEY FOR PLAINTIFF</u>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
MEDFORD DIVISION

| | |
|---|---|
| GEORGE ALLEN SAVAGE,<br><br>　　　　Plaintiff,<br><br><br><br>JACKSON COUNTY ,<br>ERIC HENDERSON, Personally,<br>WILLIAM SHOPP, Personally,<br><br><br>　　　　Defendants. | Case No. 1-14- CV-1631<br><br>**COMPLAINT**<br><br>(False Arrest, False Imprisonment,\<br>42 USC Sec. 1983<br>Violations, Malicious Prosecution,<br>Invasion of Privacy,<br>Fourth Amendment Violations)<br><br>**JURY TRIAL DEMANDED** |

This is an action brought to redress the deprivation by Defendants of rights

secured to the Plaintiff by the United States Constitution and the

1  COMPLAINT

laws of the United States of America.  Jackson County deputies Shopp and Henderson wrongfully detained and arrested, searched and seized, and incarcerated George Savage on or about October 17, 2012 in Jackson County.

## I. INTRODUCTION

1. Pursuant to 42 USC §1983, Plaintiff Savage alleges that Defendants violated his 4th Amendment rights by subjecting or causing him to suffer illegal detention, search and seizure of his person and property, false arrest and imprisonment.

2. Plaintiff seeks awards of economic damages, non-economic damages, and attorney fees and litigation expenses/costs against Defendants Shopp and Henderson and Jackson County.

3. Plaintiff also seek an award of punitive damages against Defendant Shopp and Henderson under federal law.

## II. JURISDICTION

4. This Court has jurisdiction over Plaintiff's claims by virtue of 28 USC §§1331, 1343, and 1367.

## III. PARTIES

5. At all material times herein, Plaintiff Savage was a resident of Jackson County in the State of Oregon.

6. At all material times herein, Defendants Henderson and Shopp were employees of Jackson County acting within the course and scope of their employment. They are sued in their individual capacities as well.

7. At all material times herein, Defendant Jackson County ("County") was and is a

public body responsible under state law for the acts and omissions of its law enforcement officers and other employees.

### IV. FACTS

8. On or about or about October 17, 2012 at 3265 Antelope Road in White City Henderson and Shopp were doing a "warrant sweep" in the vicinity of the Savage residence.

9. Henderson and Shopp entered the curtilage of the residence and shone a light in the residence to observe a Cheryl Parliament inside. The senior home owner and resident Ms. Duke allowed them inside.

10. Mr. Savage previously had a no-contact order with Ms. Parliament.

11. However there was no valid no-contact order in effect on October 17, 2012. It was terminated on October 1, 2012 per ORS 133.220.

12. Ms. Parliament had recently arrived to check on an ailing Ms. Duke and both Ms. Parliament and Mr. Savage were unaware of each other's presence in the residence. Mr. Savage was in the back "office" with the door closed when deputies arrived.

13. Deputies arrested Mr. Savage for a putative probation violation and violation of the invalid no-contact order.

14. On or about November 26, 2012, in Case numbers 12-4209DV, 12-5550CN in Jackson County Circuit Court, Judge Gerking granted a Motion to Suppress and ruled that the arrest was unlawful under Art. 1 Se. 9 of the Oregon Constitution and that the entry upon the curtilage was a trespass, and the shining of the light into the residence and the entry without the knowing

consent of plaintiff's mother Duke and Savage himself violated their rights, and no evidence supported any willful or knowing contact between Parliament and Savage.

15. Savage spent approximately forty days in custody wrongfully from October 17, 2012 to November 26 or 27, 2012 .

16. As a direct result of the above conduct by Defendants, Mr. Savage has suffered anguish, embarrassment, and social ostracism, loss of his freedom to come and go.

17. Henderson and Shopp acted with a conscious disregard for Mr. Savage's constitutional rights.

18. Plaintiff sent a timely Notice of Tort Claim April 13, 2013.

## V.  FIRST CAUSE OF ACTION

(§1983 – 4th Amendment Violation)

**FIRST CLAIM FOR RELIEF**

(Wrongful Detention and Arrest)

19. As applicable, Plaintiff Savage incorporates the above.

20. As described above, Henderson and Shopp violated Mr. Savage's right not to be subjected to wrongful detention and arrest, as guaranteed by the 4th Amendment of the United States Constitution.

21. As a result of the above, Mr. Savage is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

22. As a result of the above, Mr. Savage is entitled to an award of punitive damage against the individual officer sin an amount to be determined at trial.

23. Mr. Savage should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## SECOND CLAIM FOR RELIEF

(Wrongful Search and Seizure)

24. As applicable, Plaintiff Savage incorporates the above.

25. As described above, Henderson and Shopp violated Mr. Savage's right not to be subjected to wrongful search and seizure of his residence and person, as guaranteed by the 4th Amendment of the United States Constitution.

26. As a result of the above, Mr. Savage is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

27. As a result of the above, Mr. Savage is entitled to an award of punitive damages against the individual officer sin an amount to be determined at trial.

28. Mr. Savage should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## *THIRD CLAIM FOR RELIEF*

(Wrongful Incarceration)

5  COMPLAINT

29. As applicable, Plaintiff Savage incorporates the above.

30. As described above, Henderson and Shopp and Jackson County violated Mr. Savage's right not to be subjected to wrongful incarceration for forty-one days, as guaranteed by the 4th Amendment of the United States Constitution.

31. As a result of the above, Mr. Savage is entitled to an award of economic and noneconomic damages against the individual Defendants in an amount to be determined at trial.

32. As a result of the above, Mr. Savage is entitled to an award of punitive damages against the individual officer sin an amount to be determined at trial.

33. Mr. Savage should be awarded his attorney fees and litigation expenses/costs against Defendants pursuant to 42 USC §1988.

## VI.   SECOND CAUSE OF ACTION
### (State Law Claim)
### FIRST CLAIM FOR RELIEF
### (NEGLIGENCE)

34. As applicable, Plaintiff Savage incorporates the above.

35. The County was negligent in one or more of the following particulars

(a) Failing to administer training and to timely and appropriately hire, train and supervise employees regarding dealing with citizens properly;

(b) Failing to hire, train and supervise employees regarding search and seizure

protocols, laws and restrictions;

36. As a direct result of the negligence of the County, and as a substantial factor and legal cause thereof, Mr. Savage has economic and noneconomic damages against the County in an amount to be determined at trial.

37. Mr. Savage should be awarded his costs against the County.

## SECOND CLAIM FOR RELIEF
### (FALSE IMPRISONMENT)

38. As applicable, Plaintiff Savage incorporates the above.

39. The County subjected Mr. Savage to false imprisonment when it detained, arrested and incarcerated Mr. Savage for forty-one days without legal justification.

## THIRD CLAIM FOR RELIEF
### (INVASION OF PRIVACY)

40. As applicable, Plaintiff Savage incorporates the above.

41. The County and Henderson and Shopp subjected Mr. Savage to invasion of privacy when they entered Mr. Savage's residence without informed consent from Mr. Savage or without legal justification.

## FOURTH CLAIM FOR RELIEF

## (MALICIOUS PROSECUTION)

42. As applicable, Plaintiff Savage incorporates the above.

43. The County, Henderson and Shopp subjected Mr. Savage to malicious prosecution when:

(1) They commenced prosecution against the plaintiff;

(2) The termination of the proceeding was in the plaintiff's favor;

(3) There was an absence of probable cause to prosecute the action;

(4) Defendants demonstrated the existence of malice, as evinced by their attempt to chill plaintiff from seeking redress for his grievances;

(5) Plaintiff suffered economic and non-economic damages.

## **DEMAND FOR TRIAL BY JURY**

**44. The Plaintiff hereby demands trial by jury.**

## **PRAYER FOR RELIEF**

41. WHEREFORE, Plaintiff George Savage requests that this Honorable Court grants him the following relief:

42. A judgment against all Defendants, jointly and severally on Plaintiffs' First Cause of Action detailed herein, awarding Compensatory Damages to Plaintiff in an amount to be determined by a Jury and/or the Court.

8  COMPLAINT

43. A judgment against each individual Defendant on Plaintiffs' First Cause of Action for $50,000.00 in punitive damages for each.

44. A monetary award for attorney's fees and the costs of this action, pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 23

**DATED** this 14th day of October, 2014.

Respectfully submitted,

S//S Leonard R. Berman

*Leonard R. Berman, OSB #  96040*

*ATTORNEY FOR PLAINTIFF*

9  COMPLAINT