IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**GEORGE ALLEN SAVAGE,**

    Plaintiff,

v.

**JACKSON COUNTY,** *et al*,

    Defendants.

Civ. No. 1:14-cv-01631-CL

OPINION and ORDER

MCSHANE, Judge:

    Magistrate Judge Mark D. Clarke filed a Findings and Recommendation (ECF No. 43) and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72. After having reviewed the legal principles and the Plaintiff's Objections (ECF No. 45), I find no error and conclude it is correct. *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1998).

    For the following reasons, Judge Clarke's Findings and Recommendation is adopted in its entirety, Defendants' Motion for Summary Judgement is granted, and Plaintiff's case is DISMISSED with prejudice.

1 – OPINION AND ORDER

## PROCEDURAL HISTORY

On November 12, 2015, the Defendants filed a Motion for Summary Judgement (ECF No. 28). On the same day, the Plaintiff filed a competing Motion for Partial Summary Judgment As To Liability (ECF No. 33). On December 17, 2015 Judge Clarke heard oral arguments on the motions (ECF No. 41). On April 28, 2016, Judge Clarke filed a Findings and Recommendation (ECF No. 43), granting the Defendants' Motion for Summary Judgment and denying the Plaintiff's Motion for Partial Summary Judgment As To Liability. On May 31, 2016, Plaintiff filed his Objections to Judge Clarke's Findings and Recommendation (ECF No. 45). On May 13, 2016, the Defendants filed their Response to the Plaintiff's Objections (ECF No. 46).

In his Findings and Recommendation, Judge Clarke found that the Plaintiff failed to show a genuine issue of material fact such that the case could proceed to trial, and recommended that Defendants' Motion for Summary Judgment be granted and Plaintiff's case be dismissed with prejudice. (ECF No. 43).

## STANDARD OF REVIEW

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

2 – OPINION AND ORDER

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Id* at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the nonmoving party. *Allen v. City of Los Angeles,* 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Plaintiff Savage's case is based on his 28 U.S.C. §1983 and Oregon Tort Claims Act (OTCA) claims brought against the defendants, Jackson County and Jackson County Sheriff Deputies Eric Henderson and William Shopp, for their alleged violations of his rights under the Fourth Amendment of the United States Constitution, after Savage was erroneously arrested in 2012 for violating a no-contact provision of his probation that was actually no longer in effect, because the recent termination of the no-contact provision had not been updated in law enforcement databases or even reported to the Plaintiff's own probation officer. (ECF Nos. 1; 10; and 11). When the Deputies arrested Savage, they received confirmation that the no-contact provision was still in place from both the dispatch center and Savage's own probation officer. (*see* Shopp Decl. ¶¶ 7; 15-16; Henderson Decl. ¶ 7; ECF Nos. 10; 11; 43).

The Plaintiff argues that because the no-contact provision was not actually in effect any longer, the Deputies lacked probable cause to arrest him and violated his rights when they did so.

3 – OPINION AND ORDER

However, Judge Clarke found that the Deputies *did* have probable cause to arrest Savage, because of the confirmations they received from both dispatch and Savage's probation officer. As Judge Clarke noted in his findings (ECF No. 43 at pp. 13-15), for purposes of defending a claim under § 1983, the Defendants do not need to show that the Plaintiff was actually guilty; they merely need to show they had probable cause to effectuate the arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). This precedent is further outlined in the cases cited by the Defendants in their briefs (ECF Nos. 40 and 43), which correctly state that, "Probable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each." *Lacy v. Cnty. of Maricopa*, 631 F. Supp. 2d 1183, 1193 (D. Ariz. 2008) (citing *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998)).

## CONCLUSION

For these reasons, it is hereby ordered that Magistrate Judge Clarke's Findings and Recommendation (ECF No. 43) is ADOPTED IN ITS ENTIRETY. Defendants' Motion for Summary Judgement (ECF No. 28) is GRANTED and Plaintiff's Motion for Partial Summary Judgment As To Liability (ECF No. 33) is DENIED. Plaintiff's case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 14th day of July, 2016.

_____
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER